UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60627
Summary Calendar
_____


JOHN S. JORDAN,

                                        Plaintiff-Appellant,

                    versus

MIKE MOORE, Attorney General of
the State of Mississippi; RAYMOND ROBERTS,
Superintendent, Mississippi State
Penitentiary,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
         Northern District of Mississippi
                (1:91-CV-130-S-D)
_____

July 3, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     John S. Jordan appeals from the district court's denial of his

motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Jordan argues that his attorney denied him the right to testify

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

during his state court trial for rape.[1]  A defendant in a criminal proceeding has a fundamental constitutional right to testify in his or her own defense.  Rock v. Arkansas, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708-10, 97 L. Ed.2d 37 (1987).  During an evidentiary hearing before the district court, Jordan's attorney, Donald Steighner, testified that Jordan wanted to take the stand, but that he advised against it and Jordan ultimately decided that it would not be in his best interest to take the stand.  Although Jordan, his wife, and his daughter disputed this testimony, the district court credited Steighner's testimony that Jordan accepted his advice not to testify.  We will not disturb that determination on appeal.  The assessment of the credibility of the witnesses is peculiarly within the province of the district court, and will not be lightly disturbed.  See United States v. Casteneda, 951 F.2d 44, 48 (5th Cir. 1992).  Because Steighner's testimony was not unbelievable, we conclude that the district court did not clearly err in finding that Jordan accepted his attorney's recommendation that he not testify.

Having knowingly and voluntarily waived his right to testify, Jordan will not be heard to complain on appeal that the trial court or his defense counsel had to specifically establish in the trial-court record his knowing and voluntary waiver.  Although the controversy over whether a defendant waived his right to testify

---

[1]  A more detailed procedural history may be found in this Court's earlier decision.  See Jordan v. Hargett, 34 F.3d 310 (5th Cir. 1994), vacated and remanded, 53 F.3d 94 (5th Cir. 1995).

could be easily avoided if counsel would obtain a signed waiver from the defendant or the trial court would procure the defendant's waiver on the record, this practice is not currently required in this circuit.

Jordan also asserts that even if he did waive his constitutional right to testify, such waiver was not voluntary because it was based upon his attorney's erroneous legal advice. See Jordan v. Hargett, 34 F.3d 310, 312 (5th Cir. 1994) (waiver of the right to testify must be knowing, voluntary, and intelligent). He asserts that one of the considerations in his decision not to testify was based on the possibility that a conviction more than ten years old would be received into evidence. He argues that his attorney, Steighner was unaware that Mississippi law requires that "the proponent give[] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Miss. R. Evid. 609(b).

Contrary to Jordan's assertion that his consent was not informed and voluntary based on Steighner's unawareness of the Rule 609(b) written notice requirement,[2] a review of the record reveals that the conviction was only one of several concerns that prompted

---

[2] It is obvious that Steighner was aware of the conviction and that a fair opportunity to contest its use was afforded to Jordan because Steighner filed a motion in limine that prevented the prosecution from introducing evidence of the conviction. The district court granted the motion in part, but noted that at some point the conviction might become relevant.

3

Steighner to advise Jordan against testifying. Steighner testified during the evidentiary hearing that he was worried if Jordan testified, "his forcefulness in denying this incident and anything like it in his life would open doors to the prosecution of far-ranging potential for damage." Specifically, Steighner was concerned that Jordan might testify about extraneous offenses or other matters that would make the conviction admissible. Furthermore, Jordan wanted to deny pending charges that he molested his granddaughter. Steighner was also concerned that if Jordan testified, the State would offer his daughter as a rebuttal witness. His daughter, the mother of the child he was accused of molesting in another county, was a "voracious opponent" of Jordan's, and would have presented damaging testimony not only about Jordan's sexual assault of his granddaughter, but also about the sexual molestation she had suffered at the hands of Jordan. Steighner communicated all of these various concerns with Jordan in advising him not to testify.

Given that Steighner offered several valid reasons for his decision to advise Jordan against testifying, we conclude that the district court did not err in finding that Jordan's waiver of his constitutional right to testify was knowing and voluntary. AFFIRMED.

4